EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  2286
Chief, Narcotics Section

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808)541-2850
Facsimile:  (808)541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )  CR. NO. 04-00401-05 HG
                              )
                  Plaintiff,  )  FIRST SUPERSEDING INDICTMENT
                              )  [21 U.S.C. §§ 846, 841(a)(1) and
             vs.              )  843(b)]
                              )
                              )
CHRIS TOLBERT,        (05),   )
                              )
                              )
                  Defendant.  )
_____)
```

FIRST SUPERSEDING INDICTMENT

Count 1

The Grand Jury charges that:

From a date unknown but from at least on or about October 1, 2002, to on or about September 30, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did conspire together with George Keahi, aka "Uncle Louie," aka "Opelu," Arnold C.



Arruiza, Mary H. Vandervelde, Brian U'u, Sham Vierra, Marco Antonio Davidson-Cervantes, Adele M. Criste, Leslie Jaramillo, Robert Eisler, Melissa Ordonez, Fernando Iribe-Tirado, Moses Kiakona, aka "Paele," Glenn P. Fernandez, Antonio Panlasigui, Jr., aka "Tony," Dawn R. Galarita, Tiare M. Smith, Thomas Barros, Jr., aka "Sparky," not defendants herein, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Ways and Means of Accomplishing the Conspiracy

The co-conspirators reached and attempted to reach the objectives of this conspiracy using the following ways and means, among others:

1. It was part of the conspiracy that from 2002 and continuing through September 2004, Moses Kiakona, aka "Paele," not a defendant herein, obtained quantities of methamphetamine from individuals in California for distribution on Maui and Lanai.

2. It was further part of the conspiracy that defendant CHRIS TOLBERT distributed quantities of methamphetamine in the Lahaina area on Maui.

3.  It was further part of the conspiracy that the co-conspirators used long distance telephone calls, cellular telephones and rental cars to arrange for the distribution and to distribute methamphetamine.

4.  It was further part of the conspiracy that the co-conspirators concealed the income and assets derived from the sale of methamphetamine.

## Overt Acts

In furtherance of the conspiracy and to effect the objectives of this conspiracy, the defendant and his co-conspirators performed overt acts in the District of Hawaii and elsewhere, including but not limited to:

1.  During October 2002, Sham Vierra, not a defendant herein, distributed a quantity of methamphetamine to Robert Eisler, not a defendant herein;

2.  On or about January 31, 2003, Moses Kiakona, aka "Paele," not a defendant herein, met with Fernando Iribe-Tirado, not a defendant herein, and others in Wailuku, Maui;

3.  On or about February 4, 2003, Robert Eisler, not a defendant herein, held a quantity of methamphetamine for distribution in a residence in Lahaina, Maui;

4.  On or about February 11, 2003, Sham Vierra, not a defendant herein, caused to be sent by Federal Express

approximately $100,000 in United States Currency from Maui to Marco Antonio Davison-Cervantes in San Ysidro, California;

    5.  During April 2004, Thomas Barros, Jr., aka "Sparky," not a defendant herein, held ounce quantities of methamphetamine for distribution;

    6.  On or about May 21, 2004, defendant CHRIS TOLBERT spoke on the telephone with Brian U'u, not a defendant herein, concerning the distribution of a quantity of methamphetamine;

    7.  On or about May 22, 2004, defendant CHRIS TOLBERT spoke on the telephone with Brian U'u, not a defendant herein, concerning the distribution of quantity of methamphetamine;

    8.  On or about May 25, 2004, defendant CHRIS TOLBERT spoke on the telephone with Brian U'u, not a defendant herein, concerning the distribution of quantity of methamphetamine;

    9.  On or about May 27, 2004, defendant CHRIS TOLBERT spoke on the telephone with Brian U'u, not a defendant herein, concerning the distribution of quantity of methamphetamine;

    10. On or about May 27, 2004, defendant CHRIS TOLBERT distributed a quantity of methamphetamine;

    11. On or about June 7, 2004, Glenn P. Fernandez, not a defendant herein, possessed a quantity of methamphetamine on Maui;

12. On or about July 15, 2004, Sham Vierra and Melissa Ordonez, not defendants herein, spoke on the telephone concerning a distribution of a quantity of methamphetamine;

13. On or about July 19, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, crossed into the United States at San Ysidro port of entry;

14. On or about July 20, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, flew to Maui from Los Angeles, California, on board an American Trans Air flight;

15. On or about July 20, 2004, George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein, spoke on the telephone with Sham Vierra, not a defendant herein, concerning a distribution of two ounces of methamphetamine;

16. On or about July 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with George Keahi, aka "Uncle Louie,", aka "Opelu," not a defendant herein, concerning the distribution of two ounces of methamphetamine;

17. On or about July 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant Brian U'u, not a defendant herein, concerning the distribution of two ounces of methamphetamine;

18. On or about July 20, 2004, Mary H. Vandervelde, not a defendant herein, travelled from Lanai to Maui in order to obtain a quantity of methamphetamine for distribution on Lanai;

19. On or about July 20, 2004, George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein, spoke on the telephone with Arnold C. Arruiza, not a defendant herein.

20. On or about July 20, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, met with Sham Vierra, not a defendant herein, on Maui;

21. On or about July 21, 2004, Sham Vierra spoke on the telephone with George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein;

22. On or about July 23, 2004, Brian U'u, not a defendant herein, held approximately $5,300 in United States currency in Lahaina, Maui;

23. On or about July 27, 2004, Marco Antonio Davidson-Cervantes, not a defendant herein, flew from Maui to Los Angeles, California, aboard an American Trans Air flight;

24. On or about August 15, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant Tiare M. Smith, not a defendant herein, concerning the distribution of a quantity of methamphetamine;

25. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Moses Kiakona, aka "Paele," not a defendant herein;

26. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Leslie Jaramillo, not a defendant herein;

27. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Brian U'u, not a defendant herein;

28. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Antonio Panlasigui, Jr., aka "Tony," not a defendant herein, concerning the distribution of a quantity of methamphetamine;

29. On or about August 20, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Leslie Jaramillo, not a defendant herein;

30. On or about August 21, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Leslie Jaramillo, not a defendant herein;

31. On or about August 21, 2004, defendant BRIAN U'U held a quantity of methamphetamine for distribution;

32. On or about August 21, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Antonio Panlasigui, Jr., aka "Tony," not a defendant herein, concerning the distribution of a quantity of methamphetamine;

33. On or about August 22, 2004, Sham Vierra and Adele M. Criste, not defendants herein, held approximately two pounds of methamphetamine for distribution;

34. On or about August 22, 2004, Antonio Panlasigui, Jr., aka "Tony," not a defendant herein, made a telephone call to Sham Vierra, not a defendant herein, to obtain a quantity of methamphetamine;

35. On or about August 23, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Dawn R. Galarita, not a defendant herein;

36. On or about August 24, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with Dawn R. Galarita, not a defendant herein;

37. On or about August 24, 2004, Sham Vierra and Adele M. Criste, not defendants herein, spoke on the telephone;

38. On or about August 24, 2004, Sham Vierra and Adele M. Criste, not defendants herein, spoke on the telephone;

39. On or about September 12, 2004, Sham Vierra, not a defendant herein, spoke on the telephone with defendant CHRIS TOLBERT concerning the distribution of a quantity of methamphetamine;

40. On or about September 30, 2004, Moses Kiakona, aka "Paele," not a defendant herein, held approximately $140,000 in United States currency in a house in Honokohau Valley on Maui;

41. On or about September 30, 2004, defendant CHRIS TOLBERT held a quantity of methamphetamine in an apartment in Lahaina, Maui, for distribution.

All in violation of Title 21, United States Code, Section 846.

## Count 2

The Grand Jury further charges that:

On or about May 21, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did knowingly use and cause to be used a communications facility, that is, a telephone in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts or its isomer, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## Count 3

The Grand Jury further charges that:

On or about May 22, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did knowingly use and cause to be used a communications facility, that is, a telephone in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of

methamphetamine, its salts, isomers and salts or its isomer, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## Count 4

The Grand Jury further charges that:

On or about May 25, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did knowingly use and cause to be used a communications facility, that is, a telephone in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts or its isomer, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## Count 5

The Grand Jury further charges that:

On or about May 27, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did knowingly use and cause to be used a communications facility, that is, a telephone in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute and to distribute 50 grams

or more of methamphetamine, its salts, isomers and salts or its isomer, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## Count 6

The Grand Jury further charges that:

On or about September 12, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did knowingly use and cause to be used a communications facility, that is, a telephone in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers and salts or its isomer, a Schedule II controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## Count 7

The Grand Jury further charges that:

On or about September 30, 2004, in the District of Hawaii, defendant CHRIS TOLBERT did knowingly and intentionally possess with intent to distribute five grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

DATE: __10/20__, 2005, Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

_____
THOMAS MUEHLECK
Assistant U.S. Attorney

United States v. Chris Tolbert
Cr. No. 04-00401-05 HG
FIRST SUPERSEDING INDICTMENT